IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                                          ORDER

              Plaintiff,

                                          09-cv-222-bbc
                                          03-cr-0081-jcs-01

     v.

LUIS M. NARVAEZ,

              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendant Luis M. Narvaez has filed a motion for post conviction relief under 28 U.S.C. § 2255. Because Judge Shabaz is on medical leave, I am handling the motions that would otherwise be assigned to him, including this one. Defendant pleaded guilty to the crime of bank robbery and was sentenced by Judge Shabaz. On November 26, 2003, at sentencing, Judge Shabaz found defendant to be a career offender under the Sentencing Guidelines. Now defendant contends that after the recent decisions in Begay v. United States, __ U.S. __, 128 S. Ct. 1581 (2008) and Chambers v. United States, __ U. S. __, 129 S. Ct. 687 (2009), he can no longer be considered a career offender because his prior conviction for escape was not a violent felony.

1

The initial question is whether defendant's motion is timely. Section 2255 has a one-year period of limitations that begins running from the latest of (1) the date on which the defendant's conviction becomes final; or (2) the date on which any impediment to the filing of the motion has been removed, provided that the impediment was an illegal one created by government action and one that actually prevented the defendant from filing his motion; or (3) the date on which the right asserted was recognized initially by the Supreme Court, provided that the right was both newly recognized by the Court and made retroactively applicable to cases on collateral review; or (4) the date on which the defendant could have discovered the facts supporting his claims through the exercise of due diligence.

Defendant argues that his petition is timely under subsection (3) because the right he asserts was recognized initially by the Supreme Court in Begay on April 16, 2008. He may take advantage of this exception only if he can show that he could not have filed earlier because the Supreme Court did not previously recognize the constitutional right he seeks to assert and that a federal court has made the constitutional right retroactively applicable to cases on collateral review. Because the Supreme Court has yet to address the retroactivity of Begay or Chambers, this court must do so. Ashley v. United States, 266 F. 3d 671 (7th Cir. 2001)(holding that courts of appeals and district courts may decide retroactivity question when determining whether defendant's motion under 28 U.S.C. § 2255 is timely).

2

In <u>Teague v. Lane</u>, 489 U.S. 288, 310 (1989), the United States Supreme Court held that new constitutional rules of criminal procedure will not be applicable to those cases that have become final before the rules are announced. The Court identified two exceptions: 1) where the rule prohibits criminal punishment for certain types of primary conduct and 2) where the rule is a "watershed" rule of criminal procedure, "new procedures without which the likelihood of an accurate conviction is seriously diminished." <u>Id.</u> at 313.

In <u>Begay</u> and <u>Chambers</u>, the court changed the procedure by which a district court calculates a defendant's sentencing guidelines. In <u>Begay</u>, the court held that a conviction for driving while intoxicated could not be considered a "violent felony" for purposes of the career offender Sentencing Guideline, U.S.S.G. § 4B1.2. In <u>Chambers</u>, the court held that a conviction for a failure to report was not a "violent felony" for purposes of determining the career offender designation. Neither of the <u>Teague</u> exceptions applies. The new rulings do not make substantive changes in the law or involve a "watershed" rule. <u>United States v. Giggey</u>, 551 F. 3d 27 (1st Cir. 2008) (finding that a change in the procedure by which court calculates defendant's sentence under U.S.S.G. § 4B1.2 is not retroactive); <u>McReynolds v. United States</u>, 397 F. 3d 479, 481 (7th Cir. 2005)( finding holding in <u>United States v. Booker,</u> 543 U.S. 220 (2005), regarding the sentencing guidelines not retroactive because it did not fundamentally improve accuracy of criminal process).

With the finding that the holdings in <u>Begay</u> and <u>Chambers</u> are not retroactive and

3

do not apply to defendant's case, which became final before the new rule was announced, defendant's motion under 28 U.S.C. § 2255 must be denied.

## ORDER

IT IS ORDERED that defendant Luis M. Narvaez's motion for vacation of his sentence pursuant to 28 U.S.C. § 2255 is DENIED as untimely.

Entered this 11th day of May, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

4