IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                               ORDER

        Plaintiff,

                                         09-cv-222-bbc
                                         03-cr-81-jcs

    v.

LUIS M. NARVAEZ,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Defendant Luis M. Narvaez has filed a notice of appeal, application for a certificate of appealability and an accompanying memorandum appealing the court's May 11, 2009 judgment denying his motion for post-conviction relief brought pursuant to 28 U.S.C. § 2255. Defendant has not paid the $455 filing fee, which makes it necessary to decide whether he is entitled to proceed on appeal <u>in forma pauperis</u>.

       According to 28 U.S.C. § 1915(a), a defendant who is found eligible for court-appointed counsel in the district court proceedings may proceed on appeal <u>in forma pauperis</u> without further authorization "unless the district court shall certify that the appeal is not taken in good faith or shall find that the party is otherwise not entitled so to proceed."

1

Defendant had court-appointed counsel during the criminal proceedings against him and I do not intend to certify that his appeal is not taken in good faith. Defendant's challenge to his sentence is not wholly frivolous. A reasonable person could suppose that it has some merit. Cf., Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000). Therefore, I will grant him leave to proceed on appeal in forma pauperis.

As to the certificate of appealability, a certificate shall issue "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). Before issuing a certificate of appealability, a district court must find that the issues the applicant wishes to raise are ones that "are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." Barefoot v. Estelle, 463 U.S 880, 893 n.4 (1983). "[T]he standard governing the issuance of a certificate of appealability is not the same as the standard for determining whether an appeal is in good faith. It is more demanding." Walker v. O'Brien, 216 F.3d 626, 631 (7th Cir. 2000).

Defendant contends that after the recent decisions in Begay v. United States, ___ U.S. ___, 128 S. Ct. 1581 (2008) and Chambers v. United States, ___ U.S. 129 S. Ct. 687 (2009), he can no longer be considered a career offender because his prior conviction for escape was not a violent felony. In deciding the motion, I found that Begay and Chambers are not retroactive and do not apply to defendant's case, which became final before the new

2

rule was announced. Although I believe that it was proper to deny defendant's § 2255 motion, I cannot say that a reasonable judge would not make a different decision. Therefore, I will issue a certificate of appealability.

ORDER

IT IS ORDERED that defendant Luis M. Narvaez's request for leave to proceed in forma pauperis on appeal and his request for a certificate of appealability are GRANTED.

Entered this 31st day of July, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

3